UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:                                                          CASE NO.: 10-47911-BKC-JKO

MARYANN PALOMINO,                                In proceedings under Chapter 13
                                                                       BROWARD DIVISION

     Debtor.
_____/

**DEBTOR'S MOTION TO CLARIFY WHO HOLDS THE MORTGAGE ON DEBTOR'S HOMESTEAD PROPERTY LOCATED AT 2742 SUNSHINE BLVD. MIRAMAR, FLORIDA 33023 AND CLARIFICATION AS TO THE APPLICATION OF ALL THE DISBURSEMENTS RECEIVED FROM THE CHAPTER 13 TRUSTEE DURING THE PENDENCY OF THE INSTANT CASE**

COMES NOW, MARY ANN PALOMINO, the Debtor herein, by and through undersigned counsel, files this Motion to Clarify Who Holds the Mortgage on Her Homestead Property located at 2742 Sunshine Blvd, Miramar, FL 33023 and Clarification as to the Application of All the Disbursements Received from the Chapter 13 Trustee During the Pendency of the Instant Case and in support thereof states as follows:

1. On December 14, 2010, the Debtor filed a voluntary Chapter 13 bankruptcy petition pursuant to Title 11 of the United States Code. Subsequently, the Court entered an Order Confirming the Fourth Modified Plan (Docket Entry 72).

2. On January 28, 2011, THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, F/K/A JPMORGAN CHASE BANK, AS TRUSTEE FOR TRUMAN CAPITAL MORTGAGE LOAN TRUST 2004-12742 filed a Secured Proof of Claim. Creditor held a security interest in the Debtor's homestead property located at 2742 Sunshine Blvd., Miaramar, FL 33023. Subsequently, Creditor filed an amended claim on June 29, 2011.

3. On May 20, 2013, the Court entered an Order Authorizing the Withdrawal of SHD LEGAL GROUP P.A., f/k/a Smith, Hiatt & Diaz, P.A. as the attorneys of record for THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, F/K/A JPMORGAN CHASE BANK, AS TRUSTEE FOR TRUMAN CAPITAL MORTGAGE LOAN TRUST 2004-12742.

4. The Order dated May 20, 2013 reflects that all payments and correspondence should be mailed to GMAC MORTGAGE, LLC.  Accordingly, the Chapter 13 Trustee updated her records and disbursements to The Bank of New York, et al. stopped and disbursements commenced to GMAC MORTGAGE, LLC.

5. From the inception of the instant case in December of 2010, the Debtor always received statements from GMAC Mortgage. However, the Proof of Claim and the subsequent notices of mortgage payment changes were filed by The Bank Of New York Trust Company, N.A., as Successor to JPMorgan Chase Bank, et al.. GMAC Mortgage is not mentioned anywhere. A further review of the Broward County Property Records reflects that  The Bank of New York Trust Company as successor to JP Morgan Chase, et al holds a recorded Final Judgment at BK 47110, PG 561. The records do not reflect any assignments to GMAC Mortgage.

6. In addition to the foregoing, the statements being received by the Debtor for account ending in #1193 shows that the liability continues to increase despite the disbursements being received from the Chapter 13 Trustee towards the arrears and the regular mortgage payments.  To date, a review of the Trustee's ledger reflects that $9,802.02 has been paid towards the arrears and $35,823.25 has been paid towards the regular monthly payments  for a total of $45,625.50.  The Creditor currently receiving the payments is GMAC Mortgage.  To the undersign counsel's knowledge, the payments are being accepted by GMAC Mortgage and have not been returned to the Trustee.

7. In March of 2014, the Debtor received from OCWEN LOAN SERVICING, LLC, Creditor,

what seems to be a payment history for the account ending in #1193 which is very difficult to read. In addition, in April of 2014, the Debtor received a payoff from Ocwen Loan Servicing, LLC which seems to be higher than what the Debtor expected.

8. On July 30, 2014, OCWEN LOAN SERVICING, LLC filed a Notice of Change of Correspondence Address **NOT** payment address with the Court (Docket Entry 76). Once again, Ocwen Loan Servicing, LLC has not filed any transfer of claim with the Court nor does the Broward County Property Records reflect any assignments of mortgage to Ocwen loan Servicing, LLC and GMAC Mortgage, LLC is the Creditor receiving the payments.

9. Based on the foregoing, the Debtor is entitled to receive clarification as to who holds the mortgage on her homestead property located at 2742 Sunshine Blvd, Miramar, FL 33023 and for the Creditor to provide the proper documentation regarding the mortgage especially when The Bank of New York, et al has the recorded judgment, GMAC Mortgage is accepting the payments from the Trustee and Ocwen Loan Servicing, LLC is the Creditor who provided the Debtor with a payoff of her loan and requested that the payoff funds be mailed to Ocwen Loan Servicing, LLC not GMAC Mortgage, LLC.

10. In addition to the foregoing, the Debtor is entitled to receive a legible document in layman's terms of how the funds she has paid into this bankruptcy and disbursed by the Chapter 13 Trustee have been applied and to clearly show how the payments have been deducted from what she originally owed to the Lender.

11. The Debtor completes her bankruptcy payments December of 2015 and she deserves the fresh start the filing of a bankruptcy offers. In addition, undersigned counsel reserves the right to request fees and costs for having to file said Motion and attendance at a hearing at a later date.

WHEREFORE, the Debtor requests this Court to enter an Order Requiring Creditors to Provide the Documentation to the Debtor clarifying who hold the mortgage on her homestead property located at 2742 Sunshine Blvd, Miramar, FL 33023 and documents clarifying the

application of all the disbursements received from the Chapter 13 Trustee during the Pendency of the Instant Case and for such further relief this Court deems just and proper.

     I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. Mail to the parties on the attached mailing list on this 8th day of August, 2014 and I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 9020-1(A).

                Bigge & Rodriguez, P.A.
                Attorneys for the Debtor
                915 Middle River Dr, Ste. 401
                Ft Lauderdale, FL 33304
                (954) 400-7322
                (954) 400-5449 Facsimile
                Email: brpa@biggerodriguez.com

                By: */S/ RAYSA RODRIGUEZ*
                    Raysa Rodriguez, Esq.
                    FBN 109381

Maryann Palomino
2742 Sunshine Blvd
Miramar, FL 33023

US Trustee, electronically

Robin Weiner, Trustee, electronically

GMAC Mortgage, LLC
c/o David M. Applegate, President & CEO
GMAC Mortgage
1100 Virginia Drive
Ft Washington PA 19034
**(VIA CERTIFIED MAIL**)

GMAC MORTGAGE, LLC.
3451 Hammond Ave.
Waterloo, IA 50702

The Bank of New York Mellon Trust Company
f/k/a The Bank of New York Trust
c/o Antonio Portuondo, President
700 South Flower Street
Suite 200
Los Angeles, CA 90017
**(VIA CERTIFIED MAIL**)

Ocwen Loan Servicing, LLC
Attn: Bankruptcy Dept.
POB 24605
West Palm Beach, 33416-4605

Ocwen Financial Corp.
c/o Ronald M. Faris, President & CEO
2002 Summit Boulevard
Atlanta, GA  30319
(**VIA CERTIFIED**)

Ocwen Loan Servicing, LLC
Ronald M. Faris, Manager
1661 Worthington Rd, Ste 100
West Palm Beach, FL 33409
(**VIA CERTIFIED**)

Page 5